**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 19 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 05-30513 |
| Plaintiff - Appellee, | D.C. No. CR-05-00040-a-JKS |
| v. | |
| BRENT A. SEHM, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
James K. Singleton, Chief District Judge, Presiding

Submitted December 6, 2006**
Seattle, Washington

Before: B. FLETCHER and MCKEOWN, Circuit Judges, and SCHWARZER,***
Senior District Judge

On June 14, 2005, Bruce Sehm pled guilty to one count of making a false

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

statement on a loan application. The district court sentenced Sehm to 30 months in prison, a sentence at the low end of the applicable Guideline range. Sehm now challenges the sentence he received, arguing that 1) the court failed to find facts that enhanced his sentence beyond clear and convincing evidence, as required by the disproportionate impact test; 2) he was entitled to an additional one-point reduction for acceptance of responsibility; 3) the court impermissibly applied the Guidelines in mandatory fashion; and 4) the sentence imposed by the court was unreasonable. We reject each of appellant's arguments and affirm.

With respect to Sehm's first argument, appellant accurately characterizes the law, but misstates its application to his case. If a factual finding will exert a disproportionate impact on the ultimate sentence, the district court must establish that fact by clear and convincing evidence. *United States v. Staten*, 466 F.3d 708, 720 (9th Cir. 2006). However, Sehm conceded each of the relevant facts in his supplemental sentencing memorandum and then admitted to them at his sentencing hearing. Thus, there were no contested facts for the court to find by clear and convincing evidence.

Sehm next argues that he is entitled to an additional one-point reduction for his acceptance of responsibility, pursuant to U.S. Sentencing Guidelines Manual, § 3E1.1. According to Sehm, the district court received the authority from *United*

2

States v. Booker, 543 U.S. 220 (2005), to grant the additional reduction, even absent a motion from the government. This argument is mistaken. *Booker* did not change the manner in which courts calculate Guidelines sentences; it simply excised the sentencing statutes that made the Guidelines mandatory. *Id.* at 245. Appellant also argues that three different Supreme Court cases – *Office of Personnel Management v. Richmond*, 496 U.S. 414 (1990), *Eastern Extension, Australia & China Telegraph Co. v. United States*, 251 U.S. 355 (1920), and *Wade v. United States*, 504 U.S. 181 (1992) – require the district court to grant the additional reduction. None of these cases provides even tangential support for appellant's claim.

Appellant also argues that the district court mistakenly applied the Guidelines in mandatory fashion. It did not. On the contrary, the district court explicitly stated that the Guidelines were advisory when considering appellant's sentence. Appellant has pointed to nothing in the record that suggests otherwise.

Finally, appellant argues that his sentence is unreasonable. Following *Booker*, this Court must consider whether a sentence is both procedurally and substantively reasonable. *United States v. Ameline*, 409 F.3d 1073, 1095 (9th Cir. 2005). In the instant case, the district court gave meaningful consideration to the § 3553(a) factors and sentenced appellant to the low-end of the applicable Guideline

range. None of Sehm's arguments suggest that a 30 month sentence was unreasonable given the facts of this case, or that the district court failed to consider the appropriate factors. For all of the aforementioned reasons, we affirm the sentence.

**AFFIRMED.**